UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TREVER O. DUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>UTCU CORP.,<br><br>    Defendant. | Case No. 4:25-cv-00707-BLW<br><br>**INITIAL SCREENING ORDER** |

Before the Court is Plaintiff Trever Dustin's *In Forma Pauperis* Application (Dkt. 1). For the reasons explained below, the Court will deny the *In Forma Pauperis* Application.

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If a plaintiff wishes to avoid that fee, he must submit an affidavit showing he is unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed *in*

MEMORANDUM DECISION AND ORDER - 1

*forma pauperis* in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court has reviewed the affidavit provided by Mr. Dustin. Mr. Dustin is employed at SCI in Syracuse, Utah, and receives $3500 in average monthly income, which totals $42,000 a year. Dkt. 1 at 2. Mr. Dustin's daughter and his daughter's mother rely on him financially. *Id.* at 5. He has $20,000 in savings,[1] and assets including a house valued at $285,000 and two vehicles—a 2012 Cadillac SRX and a 2003 Ram 2500. *Id.* at 3. Mr. Dustin's average monthly expenses total $2,622.[2] *Id.* at 4. Therefore, in an average month, Mr. Dustin has roughly $878 after he pays his monthly expenses.

Given Mr. Dustin's statements in his application, he does not qualify for *in forma pauperis* status. Mr. Dustin's current monthly income of $3500 puts his income well above the poverty threshold identify by the Department of Health and Human Services. *Id.* at 2; *see, e.g., Lint v. City of Boise*, No. CV09-72-S-EJL, 2009 U.S. Dist. LEXIS 38930, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) ("In determining whether a certain income level meets the poverty threshold under 28 U.S.C. § 1915(a), many federal courts look to the federal poverty guidelines

---

[1] The report has several apparent inaccuracies with totaling Mr. Dustin's expenses and savings. First, he reports to have $15,000 total in cash savings. *Id.* at 3. However, in further detail, Mr. Dustin notes that he has $15,000 with one financial institution, and an additional $5,000 with a second financial institution, totaling $20,000. *Id.*

[2] Mr. Dustin reports average monthly expenses of $2,231, but the Court found his listed expenses to add to $2,622, including rent ($1,100), utilities ($300), food ($300), laundry ($50), medical and dental expenses ($212), home ($160) and car insurance ($100), child support ($200), and alimony ($200).

**MEMORANDUM DECISION AND ORDER - 2**

developed each year by the Department of Health and Human Services[.]"); *Campos v. Saul*, No. 1:19-cv-00248-REB, 2019 U.S. Dist. LEXIS 248175, 2019 WL 13251985, *1 (D. Idaho July 11, 2019) (denying the plaintiff's motion to proceed *in forma pauperis* when the plaintiff's annual household gross income was $32,880 and the federal poverty guideline income was $25,750). Mr. Dustin does note that he began his current employment in December 2025, and that he is behind on bills. *Id.* at 5. While the Court is sensitive to these difficulties, Mr. Dustin has $20,000 in savings, multiple assets, and was recently employed at a job that paid substantially more than his current position.

That said, whether a plaintiff is above the poverty line is not the sole consideration to determine *in forma pauperis* status. The more fundamental question is whether the payment of the court fees would deprive him of the necessities of life. *Escobedo*, 787 F.3d at 1234. Assuming Mr. Dustin's expenses remain consistent, he would have $878 available as disposable income, in addition to the $20,000 saved with financial institutions, and multiple assets. These factors indicate Mr. Dustin can pay the Court's filing fee while still supporting his basic living expenses. Because he has not provided information to demonstrate his poverty, the Court denies Mr. Dustin's application to proceed *in forma pauperis*. The denial is without prejudice, meaning that Mr. Dustin may resubmit his

**MEMORANDUM DECISION AND ORDER - 3**

application if he failed to include expenses or if his financial circumstances change.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED**.

2. Plaintiff has 28 days to pay the applicable filing fee or file an updated application to proceed in forma pauperis. If he does not, this case may be dismissed without prejudice and without further notice.

DATED: March 5, 2026

B. Lynn Winmill
U.S. District Court Judge