UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TREVER O. DUSTIN,

Plaintiff,

v.

VTCU CORP.,

Defendant.

Case No. 4:25-cv-00707-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Defendant's Motion to Dismiss for Insufficient Service of Process (Dkt. 7). For the reasons explained below, the Court will grant the motion and dismiss this action without prejudice.

## BACKGROUND

Plaintiff Trever O. Dustin brought this employment discrimination action against Defendant VTCU Corp. in December 2025. *Compl.*, Dkt.2. Dustin's complaint asserts causes of action under the Americans with Disabilities Act and Title VII. *Id.* After a summons was issued, Dustin attempted to effect service of process by certified mail. *See* Dkt. 6.

VTCU now moves to dismiss the complaint for insufficient service of process, arguing that certified mail is not a valid means of effecting service. *See Mem. Mot. Dismiss*, Dkt. 7-1.

**LEGAL STANDARD**

A federal court does not have jurisdiction over a case until a defendant is properly served with process under Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Under Rule 4(m), the plaintiff must serve a defendant with a summons and a copy of the complaint "within 90 days after the complaint is filed." Fed. R. Civ. P 4(m). If the plaintiff fails to do so, the court may dismiss the complaint without prejudice. *Id.*

The plaintiff must also serve the defendant by the proper method. As pertinent here, the plaintiff must serve a corporation in one of two ways. First, the plaintiff may effect service "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B).

Second, the plaintiff may effect service "in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn,

recognizes the validity of service of process "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The plaintiff has the burden of establishing valid service of process. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

## ANALYSIS

Certified mail is not a proper method of effect service under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(h). Thus, the Court finds that Dustin failed to comply with the federal procedural rules, and the only remaining issue is whether he properly effected service under Idaho's procedural rules.

In Idaho, a corporation must be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Idaho R. Civ. P. 4(d)(3)(A). Under certain circumstances, certified mail may be used to serve a corporation that has qualified in Idaho by filing with the Idaho Secretary of State. Idaho R. Civ. P. 4(d)(3)(C)(i). The summons and complaint must be sent to the corporation's registered place of business and to the president or secretary of the corporation at the addresses shown on the most current and annual statement filed with the Secretary of State. *Id.*

But the certified mail option is limited to situations where the agent designated by the corporation is "unavailable." *Id.* Under Rule 4(d)(C), a registered agent is unavailable if: (1) no person actually residing in the state has been designated for service of process; (2) the agent has resigned, been removed from office, died, or has moved out of the state; or (3) after due diligence neither the agent nor any officer or managing agent can be found within the state." Idaho R. Civ. P. 4(d)(3)(C)(i–ii).

Here, Dustin's proof of service form indicates that he attempted to serve VTCU by certified mail only; the boxes for other methods are left blank. Dkt. 6. Thus, to comply Idaho's procedural rules, Dustin would need to show that VTCU's registered agent was unavailable under Rule 4(d)(3)(C).

Dustin has failed to make that showing. According to VTCU, the company's registered agent is clearly listed on the Idaho Secretary of State's public website. *Mot. Dismiss*, Dkt. 7-1, at 4 n.1. Dustin does not dispute that assertion, nor has he offered any evidence as to the agent's unavailability. *Resp.*, Dkt. 9. Instead, he simply notes his objection to VTCU's motion to dismiss and maintains that he served a "true and correct copy" of the summons and complaint by certified mail. *Id.* Given these circumstances, the Court concludes that certified mail was not a permissible method of service of process.

Even assuming that Dustin did show that VTCU's registered agent was unavailable under Rule 4(d)(3)(C), he has failed to comply with the rule's requirements. In his response, Dustin indicates that he sent a copy of the summons and complaint to an address in Pocatello, Idaho. *Id.* But as stated above, Rule 4(d)(3)(C) specifies that the summons and complaint must be sent to the corporation's registered place of business at the address shown on the most current and annual statement filed with the Secretary of State. According to VTCU, the company's registered place of business is in Roanoke, Virginia, which Dustin does not dispute. *See Dkts*. 7-1, 9. Thus, even if VTCU's registered were unavailable under Rule 4(d)(3)(C), Dustin would be unable to show that he otherwise complied with Idaho's procedural requirements.

In sum, the Court finds that Dustin has failed to comply with the service of process requirements under both the Federal Rules of Civil Procedure and the Idaho Rules of Civil Procedure. Additionally, more than ninety days have elapsed since the filing of the complaint in this action. The Court will therefore grant VTCU's motion and dismiss the complaint without prejudice.

## ORDER

**IT IS ORDERED that** Defendant VTCU's Motion to Dismiss for Insufficient Service of Process (Dkt. 7) is **GRANTED**. This action is hereby **DISMISSED WITHOUT PREJUDICE**.

DATED: October 13, 2026

B. Lynn Winmill
U.S. District Court Judge